NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001111
27-JUN-2013
08:56 AM

NO. CAAP-12-0001111

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALLAN J. ZACHARY, Claimant-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES,
Employer-Appellee, Self-Insured,

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NOS. AB 2008-213 (9-04-10016);
AB 2008-218 (9-03-10024); and AB 2008-218 (9-05-10090)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over the appeal by Claimant-Appellant Allan J. Zachary (Zachary) because it was untimely.

Pursuant to HRS § 386-88 (Supp. 2011)[1] and HRS § 91-14(a) (1993 & Supp. 2011),[2] an aggrieved party may appeal a final decision and order by LIRAB directly to the intermediate court of appeals.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). The supreme court has "held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted) (emphasis added). Under Lindinha, the LIRAB's November 14, 2012 Decision and Order is a final appealable order under HRS § 91-14(a) and HRS § 386-88.

---

[1] "The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board." HRS § 386-88 (Supp. 2011) (in part).

[2] HRS § 91-14(a) (1993 & Supp. 2011) provides:

§ 91-14. Judicial review of contested cases.
(a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law. Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party to a contested case proceeding before that agency or another agency.

-2-

However, the appeal was untimely under Rule 4(a) of the Hawaii Rules of Appellate Procedure (HRAP). "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a).

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); State v. Mainaaupo, 117 Hawai'i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008). Furthermore,

> [i]f the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i at 418, 49 P.3d at 384 (citations, internal quotation marks, and original brackets omitted; emphasis added).

The November 20, 2012 Amended Decision and Order which Zachary appeals from modified a November 14, 2012 Decision and Order as follows:

> Pursuant to Hawaii Revised Statutes Section 386-87(d) and Rule Section 12-47-54 of the LAB Rules of Practice and Procedure, the Board shall amend and hereby amends the November 14, 2012 Decision and Orde rto correct the paragraph on page 6 immediately preceding

"FINDINGS OF FACT" so that it now reads:

"For the reasons set forth below, the Board affirms, **in part, and modifies, in part,** the Director's decisions dated October 4, 2007; October 19, 2007; and June 16, 2011."

All other provisions of the Decision and Order are not affected by the foregoing amendment and shall remain in effect. (bold in original)

The change had no adverse effect upon the November 14, 2012 Decision and Order and merely added the words "in part, and modifies, in part." Therefore, the time to appeal under HRAP Rule 4(a) began on November 14, 2012. Zacahry did not file an appeal until December 18, 2012. Zachary did not file a notice of appeal within 30 days from the date of the final appealable order dated November 14, 2012. Accordingly, the court lacks appellate jurisdiction to hear this appeal.

Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 27, 2013.

Presiding Judge

Associate Judge

Associate Judge